UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>*Debtor.* | Case No. 19-00507<br>Chapter 7 |
| FIRST SECURITY BANK & TRUST CO.,<br><br>*Plaintiff,*<br>v.<br><br>CHARLES M. THOMSON,<br><br>*Defendant.* | Adv. Proc. No. 20-09037 |

DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT

COMES NOW, Charles M. Thomson, by and through his attorneys, and as and for his "Motion to Dismiss Adversary Complaint" hereby states and moves for dismissal of the above-referenced adversary proceeding as follows:

1. Federal courts are not courts of general jurisdiction, and their power is limited to that authorized by Article III of the Constitution. *Marine Equipment Management Co. v. U.S.*, 4 F.3d 643 (8th Cir. 1993). Under Article III, Federal courts only have jurisdiction to hear actual cases and controversies. U.S. Const. Art. III, Section 2, Clause 1.

2. A related concept is the "ripeness" doctrine, pursuant to which Federal courts avoid needlessly entangling themselves in abstract disagreements. *Wersal v. Sexton*, 674 F.3d 1010, 1018 (8th Cir.2012).

3. In this bankruptcy case, McQuillen Place Company, LLC, the debtor ("Debtor") has commenced an adversary proceeding (*McQuillen Place Company, LLC v. First Security Bank & Trust Co.*, Adversary Proc. No. 19-09035) which, *inter alia*, challenges the enforceability and

priority of all of the transactions (collectively, the "McQuillen Transactions") related to the financing arrangements between the Debtor and First Security Bank & Trust Co., plaintiff herein ("FSB").

3. Since FSB seeks, in this action, to enforce provisions of one of the documents within the McQuillen Transactions, FSB is, jurisdictionally, putting the cart before the horse.

4. If, as Debtor argues, the provisions of the documents connected to the McQuillen Transactions are unenforceable, there is no "case or controversy" for this Court to adjudicate, and this matter should be dismissed for lack of subject matter jurisdiction pursuant to *Marine Equipment*.

5. Further if, as Debtor argues, FSB's documents, including those it seeks to enforce in this adversary proceeding, are unenforceable, further adjudication of this matter is precluded by the ripeness doctrine.

NOW, WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing this adversary proceeding with prejudice and granting such other and further relief as this Court deems just and appropriate under the circumstances.

TOM RILEY LAW FIRM

By: _____

PETER C. RILEY AT0006611
4040 First Avenue NE
P.O. Box 998
Cedar Rapids, IA 52406-0998
Ph.: (319) 363-4040
Fax: (319) 363-9789
E-mail: PeterR@trlf.com