UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MCQUILLEN PLACE COMPANY, LLC,<br><br>Debtor. | Chapter 7 Bankruptcy<br>Case No. 19-00507 |
| FIRST SECURITY BANK & TRUST CO.,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES M. THOMSON,<br><br>Defendant. | Adversary Case No. 20-09037<br><br>**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

COMES NOW Plaintiff First Security Bank & Trust Co. (the "*Bank*"), by and through its counsel, and in support of a Summary Judgment Motion filed simultaneously herewith, respectfully submits the following State of Material Facts Not In Dispute:

1. On April 25, 2019, Debtor McQuillen Place Company, LLC ("*Debtor*") filed a voluntary Chapter 11 Petition in this Court.

2. The Chapter 11 case was converted to one under Chapter 7 eventually.

3. The Bank is a creditor of the Debtor, in that the Debtor owes the Bank money, as evidenced by various promissory notes and mortgages. *See* Original Proof of Claim #4; Amended Proof of Claim #4 and attached documents; Proof of Claim #23.

4. Defendant Charles M. Thomson ("*Thomson*" or "*Defendant*") is an individual residing in Floyd County, Iowa, and was and is a majority equity owner and managing member of the Debtor.

5. At all times material to this proceeding, Thomson was and is an attorney licensed to practice law in the State of Iowa. *See* M4SJ 1003 at 1.

6. Thomson has represented himself as a legal expert in this bankruptcy proceeding. *Id.* at 3.

7. The Defendant has previously filed at least one Proof of Claim with the Clerk of this Court, and has otherwise participated and asserted various claims and requests for relief from this Court. *See* Proof of Claim #8.

8. The Debtor originally borrowed money from Cedar Rapids Bank & Trust Company ("*CRBT*"), and the Debtor executed and delivered to CRBT various loan documents, including note(s) and mortgage(s). *See* Original Proof of Claim #4 and attached documents; Amended Proof of Claim #4 and attached documents; Proof of Claim #23.

9. CRBT subsequently assigned the various notes, mortgages, loans, and transaction documents, evidencing moneys due it from the Debtor, to the Bank. *See* M4SJ 1002.

10. As part of the loan transaction between the Debtor and CRBT originally, Thomson also executed a Commercial Guaranty (the "*Guaranty*") in favor of CRBT. *See* M4SJ 1001.

11. CRBT's rights, remedies, powers, etc. in the Guaranty were also assigned to the Bank such that the Bank is now the owner of the Guaranty. *See* M4SJ 1001 at 3 (noting that the Guaranty "shall be binding upon and inure to the benefit of the parties, their successors and assigns"); M4SJ 1002 at 1 (assigning the Guaranty to Bank).

12. As a result, the Bank is now entitled and empowered to assert any and all rights, remedies, claims, arguments, etc., as provided in the Guaranty.

13. The Guaranty states that Thomson "absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of [Debtor] to [the Bank], and the performance and discharge of all [Debtor's] obligations . . . . This is a guaranty of payment and performance and not of collection . . . . Under this Guaranty, [Defendant's] liability is unlimited and [Defendant's] obligations are continuing." M4SJ 1001 at 1.

14. The Guaranty states that Defendant agrees that "the Indebtedness" of Debtor to the Bank:

> shall be superior to any claim that [Defendant] may now have or hereafter acquire against the [Debtor] . . . . [Defendant] hereby expressly subordinates any claim [Defendant] may have against [Debtor], upon any account whatsoever, to any claim that [the Bank] may now or hereafter have against [Debtor]. In the event of insolvency and consequent liquidation of the assets of [Debtor], through bankruptcy . . . the assets of [Debtor] applicable to the payment of the claims of both [the Bank] and [Defendant] shall be paid to [the Bank] and shall be first applied by [the Bank] to the Indebtedness.

M4SJ 1001 at 2–3.

15. The Guaranty further states that the Defendant "assign[ed] to [the Bank] all claims which it may have or acquire against [Debtor] or against any assignee or trustee in bankruptcy of [Debtor]" to assure that the Bank receives full payment from Debtor. *Id.* at 3.

16. The Guaranty states that Defendant "has read and fully understands the terms" of the Guaranty and that Defendant "had the opportunity to be advised by [his] attorney" regarding the terms of the Guaranty. *Id.*

17. Defendant also agreed in the Guaranty that the document "fully reflects [Defendant's] intentions and parol evidence is not required to interpret the terms of this Guaranty." *Id.*

18. As part of his ongoing obligations as guarantor to Debtor, Defendant provided yearly financial statements to CRBT that Defendant certified as being true and correct. *Id.* at 2; *see also* M4SJ 1004; M4SJ 1005.

19. In this bankruptcy proceeding, Thomson has admitted that he signed the Guaranty document. *See* M4SJ 1003 at 1.

20. In the financial statement Defendant tendered to CRBT, signed and dated on November 30, 2016, Defendant acknowledged his status as guarantor of Debtor's obligations to CRBT (and thus the Bank). *See* M4SJ 1004 at 3.

21. Defendant has also acknowledged his guarantor status to Debtor in a prior financial statement in 2015. *See* M4SJ 1005 at 5.

22. Defendant has also acknowledged his status as a guarantor of Debtor's obligations to the Bank in proceedings before the Eighth Circuit. *See* Appellants' Resistance to Motion to Dismiss at 8, *Thomson v. First Sec. Bank & Tr. Co.* (8th Cir. Nov. 16, 2020) (No. 20-3245) ("[I]t is undisputed that Thomson is a guarantor of the Debtor's indebtedness . . . .") (attached as M4SJ 1006).

23. Pursuant to the terms of the Guaranty, Defendant's claims against Debtor is subordinate to the Bank's claim.

24. Additionally, pursuant to the terms of the Guaranty, Defendant's claims are assigned to the Bank.

/s/ Eric W. Lam
Eric W. Lam, AT0004416
Eric J. Langston, AT0014001
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
elangston@spmblaw.com
ATTORNEYS FOR FIRST SECURITY BANK
& TRUST CO.

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this 25th day of November, 2020, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF system and the document was served electronically through the CM/ECF system to the parties of this case.


/s/ Kelly Carmichael

First Security – McQuillen/Pldgs/BA 20-09037 McQuillen – Drafts/Statement of Material Facts re M4SJ.112520.1125.ewl